UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

AMERICAN FREEDOM DEFENSE INITIATIVE;
PAMELA GELLER; and ROBERT SPENCER,

        Plaintiffs,

   - against -

METROPOLITAN TRANSPORTATION AUTHORITY
("MTA"); and JAY H. WALDER, in his official
capacity as Chairman and Chief Executive Officer
of MTA,

        Defendants.

---------------------------------------------------------------X

Case No. 11-civ-6774-PAE-THK

ECF Case

**COMPLAINT**

Plaintiffs American Freedom Defense Initiative (hereinafter referred to as "AFDI"), Pamela Geller, and Robert Spencer (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against the above-named Defendants (also collectively referred to as "MTA"), their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1. This case seeks to protect and vindicate fundamental constitutional rights. It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs' right to engage in protected speech in a public forum created by Defendants based on the content and viewpoint of Plaintiffs' message (hereinafter "Free Speech Restriction"). Defendants' Free Speech Restriction prohibited Plaintiffs from displaying advertisements on MTA buses that travel throughout the City of New York.

2. Plaintiffs seek a declaration that Defendants violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendants' Free Speech

1

Restriction violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendants' Free Speech Restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court. Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

6. Plaintiff AFDI is an organization that is incorporated under the laws of the State of New Hampshire. AFDI's specific objective is to go on the public relations offensive when legal, academic, legislative, cultural, sociological, and political actions are taken to dismantle our basic freedoms and values.

7. AFDI achieves its objective through a variety of lawful means, including through the exercise of its right to freedom of speech under the U.S. Constitution.

8. AFDI exercises its right to freedom of speech and promotes its objectives by, *inter alia*, sponsoring religious freedom and political speech bus and billboard campaigns. To

2

that end, AFDI purchases advertising space on bus lines operated in cities throughout the United States, including MTA vehicles operating in New York City, to express itself on public and religious issues.

9. Plaintiff Pamela Geller is the Executive Director of AFDI, and she engages in protected speech through AFDI's activities, including AFDI's religious freedom bus and billboard campaigns.

10. Plaintiff Robert Spencer is the Associate Director of AFDI, and he engages in protected speech through AFDI's activities, including AFDI's religious freedom bus and billboard campaigns.

**DEFENDANTS**

11. Defendant MTA is a public benefit corporation created by New York state law. MTA and its officials are responsible for the acts, rules, regulations, standards, policies, practices, procedures, and/or customs of MTA, including the challenged restriction on Plaintiffs' speech (Free Speech Restriction).

12. Defendant Jay H. Walder, at all times relevant herein, was the Chairman and Chief Executive Officer of MTA. As Chairman and Chief Executive Officer, Defendant Walder is responsible for creating, adopting, and enforcing the rules, regulations, standards, policies, practices, procedures, and/or customs of MTA, including the challenged restriction on Plaintiffs' speech (Free Speech Restriction). Defendant Walder is sued in his official capacity.

**STATEMENT OF FACTS**

13. As a governmental agency, MTA is mandated to comply with federal and state laws, including the First and Fourteenth Amendments to the United States Constitution.

14. By policy and practice, MTA has intentionally dedicated its advertising space on its vehicles, including its public buses, to expressive conduct (hereinafter "Free Speech Policy").

15. Pursuant to its Free Speech Policy, MTA permits a wide variety of commercial, noncommercial, public-service, public-issue, political, and religious advertisements on the outside of its vehicles.

16. For example, pursuant to its Free Speech Policy, MTA permitted a religious group, Muslims for Peace, to run an advertisement on 90 public buses. The advertisement stated, "Muslims for Peace, Love for All, Hatred for None, 1-800-WHY-ISLAM." A true and accurate photograph of this advertisement is attached to this Complaint as Exhibit 1.

17. Pursuant to its Free Speech Policy, MTA permitted the display of "Jesus for Jews" posters on the interior advertising space of MTA subways and on MTA's advertising space in Times Square Station in Manhattan. A true and accurate photograph of this advertisement is attached to this Complaint as Exhibit 2. And the MTA permitted an atheist group, the Big Apple Coalition of Reason, to display an advertisement stating, "A million New Yorkers are good without God. Are you?" A true and accurate photograph of this advertisement is attached to this Complaint as Exhibit 3.

18. In fact, pursuant to its Free Speech Policy, MTA permitted Plaintiffs to display a religious freedom advertisement on its vehicles that stated the following: "Fatwa on your head? Is your family or community threatening you? Leaving Islam? Got questions? Get answers!" The advertisement also included the following website address: RefugeFromIslam.com. (hereinafter "Religious Freedom Advertisement"). A true and accurate copy of the Religious Freedom Advertisement is attached to this Complaint as Exhibit 4. This advertisement was displayed on MTA buses from approximately May 17, 2010, to approximately June 13, 2010.

19. Recently, MTA permitted the display of "End U.S. military aid to Israel" posters at MTA subway stations (hereinafter referred to as the "Anti-Israel Advertisement"). A true and accurate photograph of the Anti-Israel Advertisement is attached to this Complaint as Exhibit 5.

20. On or about September 12, 2011, AFDI submitted its proposed advertisement to CBS Outdoor, which acts as the advertising agent for MTA, to place a new advertisement on MTA buses in New York City (hereinafter referred to as "Pro-Israel Advertisement"). A true and accurate photograph of the Pro-Israel Advertisement is attached to this Complaint as Exhibit 6.

21. Plaintiffs' Pro-Israel Advertisement is political speech in direct response to the Anti-Israel Advertisement. The Anti-Israeli Advertisement suggests that Israel's military is the impediment to peace between the Israelis and Palestinians and that U.S. military aid to Israel also acts as an impediment to peace between the Israelis and Palestinians. In other words, the Anti-Israel Advertisement blames Israel, its military, and U.S. military aid to Israel as the cause of Palestinian terror directed against innocent civilians in Israel and abroad.

22. Plaintiffs' Pro-Israel Advertisement presents the message that there is no comparison or equivalence between savage civilian-targeting violence and Israel's civilized struggle for survival in a part of the world where civilized behavior is overshadowed by terrorism and despotism.

23. On September 21, 2011, CBS Outdoor, acting on behalf of MTA, informed Plaintiffs by email that MTA had rejected the advertisement copy on the grounds that it violated § 5.05(B)(11) of the MTA's Advertising Standards ("MTA's Initial Rejection"). The MTA's Initial Rejection concluded with an invitation to Plaintiffs to modify their speech in some way so

5

as to be acceptable to MTA. A true and accurate copy of the MTA's Initial Rejection is attached to this Complaint as Exhibit 7.

24. The relevant portions of Section 5.05 read as follows:

> 5.05 – Advertising Standards
> A. The License Administrator [MTA] reserves the right to establish standards for the display of advertising on its properties and may amend such standards from time to time; provided, however, if such amendments are determined by the License Administrator to have a material impact on Gross Receipts and such amendments are not required by law, the License Administrator will negotiate in good faith a modification in the Minimum Annual Guarantee and Section 15.15 will apply. The current standards are set forth in Section 5.05(b). The Contractor [CBS Outdoor] shall review each advertisement prior to any installation work and agrees that whenever a question arises as to the propriety of an advertisement, in that it may be considered objectionable or controversial, the Contractor shall notify the License Administrator.
> B. The Contractor shall neither accept for display, install, display nor maintain any advertisement that falls within one or more of the following categories:
>
> * * *
>
> 11. The advertisement contains images or information that demean an individual or group of individuals on account of race, color, religion, national origin, ancestry, gender, age, disability or sexual orientation.

25. By email on September 22, 2011, Plaintiffs, through legal counsel, rejected MTA's invitation to modify their speech and requested a "formal and final determination" ("Response to MTA's Initial Rejection"). Plaintiffs' Response to the MTA's Initial Rejection made clear that the Pro-Israel Advertisement copy did not violate MTA's Advertising Standards (hereinafter "Demeaning Speech Standard") and that MTA's use of the Demeaning Speech Standard to prohibit Plaintiffs' speech was a Free Speech Restriction. A true and accurate copy of the Response to MTA's Initial Rejection is attached to this Complaint as Exhibit 8.

26. By email on September 23, 2011, CBS Outdoor, acting on behalf of MTA, informed Plaintiffs by email that MTA had formally and finally rejected Plaintiffs' Pro-Israel

Advertisement on the grounds that it violated § 5.05(B)(11) of MTA's Advertising Standards. ("MTA's Final Rejection"). A true and accurate copy of the MTA's Final Rejection is attached to this Complaint as Exhibit 9.

27. AFDI objects to Defendants' censorship, which is effectively editing and thus suppressing the viewpoint AFDI is attempting to express in its message. That viewpoint is that U.S. foreign policy supporting Israel in the face of savage violence is the correct moral, political, and strategic choice for the leader of the Free World.

28. A true and accurate copy of additional advertisements approved by MTA are attached to this Complaint as Exhibit 10.

## FIRST CLAIM FOR RELIEF

### Freedom of Speech—First Amendment
### (42 U.S.C. § 1983)

29. Plaintiffs hereby incorporate by reference all stated paragraphs.

30. By reason of the aforementioned Free Speech Restriction, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of their right to engage in protected speech in a public forum in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

31. Defendants' Free Speech Restriction is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

32. Defendants' Free Speech Restriction operates as a prior restraint on Plaintiffs' protected speech in violation of the Free Speech Clause of the First Amendment.

33. Defendants' Free Speech Restriction is unreasonable, arbitrary, and capricious in violation of the Free Speech Clause of the First Amendment.

34. Defendants' Free Speech Restriction, which includes the Demeaning Speech Standard, lacks clear standards to guide the discretion of the public officials vested with the authority to enforce this restriction, thereby enabling the officials to administer the restriction on the basis of impermissible factors in violation of the Free Speech Clause of the First Amendment.

35. As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

### Equal Protection—Fourteenth Amendment
### (42 U.S.C. § 1983)

36. Plaintiffs hereby incorporate by reference all stated paragraphs.

37. By reason of the aforementioned Free Speech Restriction, created, adopted, and enforced under color of state law, Defendants have unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendants, through their acts, rules, regulations, standards, policies, practices, procedures, and/or customs, including their Free Speech Restriction, prevented Plaintiffs from expressing a message based on its content and viewpoint, thereby denying the use of a public forum to those whose views Defendants find unacceptable.

38. As a direct and proximate result of Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## THIRD CLAIM FOR RELIEF

### Due Process Clause—Fourteenth Amendment
### (42 U.S.C. § 1983)

39. Plaintiffs hereby incorporate by reference all stated paragraphs.

40. By reason of the aforementioned Free Speech Restriction, created, adopted, and enforced under color of state law, Defendants have violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendants' Demeaning Speech Standard is unconstitutionally vague.

41. Defendants' Free Speech Restriction, which includes the Demeaning Speech Standard, lacks clear standards to guide the discretion of the public officials vested with the authority to enforce this restriction, thereby enabling the officials to administer the restriction on the basis of impermissible factors in violation of the Due Process Clause of the Fourteenth Amendment.

42. As a direct and proximate result of Defendants' violation of the Due Process Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court:

A) to declare that Defendants' Free Speech Restriction violates the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B) to temporarily, preliminarily, and permanently enjoin Defendants' Free Speech Restriction and its application to Plaintiffs' speech as set forth in this Complaint;

C) to award Plaintiffs nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

D) to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E) to grant such other and further relief as this Court should find just and proper.

LAW OFFICES OF DAVID YERUSHALMI, P.C.

s/David Yerushalmi

_____
David Yerushalmi, Esq. (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
640 Eastern Parkway, Suite 4C
Brooklyn, NY 11213
david.yerushalmi@verizon.net
(800) 714-9650; (646) 262-0500

THOMAS MORE LAW CENTER
Robert J. Muise, Esq.* (P62849)
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106
rmuise@thomasmore.org
(734) 827-2001
*Subject to admission *pro hac vice*